**Juan Manuel VILLEGAS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–92–0866–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 17, 1994.

Discretionary Review Refused
May 18, 1994.

Allen C. Isbell, Houston, for appellant.

John B. Holmes, Jr., Karen A. Clark, Lynne Parsons, Houston, for appellee.

Before HUTSON–DUNN, DUGGAN and ANDELL, JJ.

## OPINION

HUTSON–DUNN, Justice.

Appellant was found guilty of possession of cocaine, with intent to deliver, and possession of marihuana. The jury assessed punishment at 60–years confinement and a $250,000 fine for count one and 60–years confinement and a $50,000 fine for count two. We affirm.

On April 29, 1992, a search warrant was executed for a house at 1948 Rosa. Appellant and another man, Jose Munoz, were inside the house at the time of the search. Two bundles of cocaine were found inside a closet in the back bedroom and two bundles of marihuana were found in a closet in a loft above the garage. A canine officer and his dog discovered two more bundles of cocaine hidden from view in a brown station wagon in the garage. Appellant was arrested and brought to trial. We affirm.

Appellant brings six points of error. He argues the evidence is insufficient to support either conviction, and that the trial court erred in overruling the motion to suppress and in failing to order the State to disclose the informer's identity.

### Sufficiency of the Evidence

In points of error one and two, appellant argues that the convictions should be reversed because the evidence is insufficient to show knowing possession. We view the evidence in the light most favorable to the verdict to determine if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 318, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979).

In order to establish the offense of unlawful possession of a controlled substance, the State must show 1) the accused exercised care, control, or management over the contraband, and 2) he knew that what he possessed was contraband. *Humason v. State,* 728 S.W.2d 363, 364 (Tex.Crim.App.1987). The control over the contraband need not be exclusive, but can be jointly exercised by more than one person. *Cude v. State,* 716 S.W.2d 46, 47 (Tex.Crim.App.1986). When the accused is not in exclusive control of the place where the contraband is found, the State must show additional affirmative links between the accused and the contraband. *Id.* The affirmative links can be established by showing additional facts and circumstances that raise a reasonable inference of the accused's knowledge and control of the contraband. *Id; Pollan v. State,* 612 S.W.2d 594, 596 (Tex.Crim.App. [Panel Op.] 1981).

The affirmative link customarily emerges from an orchestration of several of a list of factors and the logical force they have in combination. *Whitworth v. State,* 808 S.W.2d 566, 569 (Tex.App.—Austin 1991, pet. ref'd). In determining if sufficient affirmative links exist, a reviewing court can examine such circumstantial factors as the amount of contraband found, its location in relationship to the defendant's personal belongings, the defendant's relationship to other persons with access to the premises, incriminating statements, and proximity of the defendant to the contraband. *Frierson v. State,* 839 S.W.2d 841, 849 (Tex.App.—Dallas 1992, pet. ref'd) (citing *Earvin v. State,* 632 S.W.2d 920, 924 (Tex.App.—Dallas 1982, pet. ref'd) and *Pollan v. State,* 612 S.W.2d at 596). Other factors to consider include: 1) whether the defendant was at the place searched at the time of the search; 2) whether there were other persons present at the time of the search; 3) whether the contraband was found in a closet that contained men's clothing, if the defendant is male; 4) whether the

amount of contraband found was large enough to indicate the defendant knew of its existence; and 5) whether there is evidence establishing the defendant's occupancy of the premises. *Classe v. State*, 840 S.W.2d 10, 12 (Tex.App.—Houston [1st Dist.] 1992, pet. ref'd). It is significant whether the accused owned, rented, or controlled the place where the police found the contraband; whether the defendant had convenient access to the contraband; whether the police found the contraband in plain view or in areas private to the accused, *Edwards v. State*, 813 S.W.2d 572, 575 (Tex.App.—Dallas 1991, pet. ref'd), (citing *Guiton v. State*, 742 S.W.2d 5, 8 (Tex. Crim.App.1987) and *Hughes v. State*, 612 S.W.2d 581, 582 (Tex.Crim.App. [Panel Op.] 1981)); whether the defendant was the driver of the automobile in which the contraband was found; whether the place where the contraband was found was enclosed; and whether paraphernalia to use the contraband was in view of or found on the accused. *Whitworth*, 808 S.W.2d at 569.

■ The evidence in the case shows that the amount of contraband found was very large, i.e., 46.5 kilograms (more than 90 pounds) of 80.5 percent pure cocaine and 165 pounds of marihuana. The contraband was found in plain view in the closets of both bedrooms both of which contained men's clothing. Although Munoz owned the house, appellant's vehicle registration and telephone and gas records listed 1948 Santa Rosa as appellant's address, and it appeared that he was the sole occupant of the house. A small amount of marihuana and a household scale were found in plain view of appellant. Appellant was present at the address when the search warrant was executed.

Appellant cites *Brown v. State*, 663 S.W.2d 139, 142 (Tex.App.—Houston [1st Dist.] 1983, no pet.), for the proposition that evidence of contraband found hidden in a car that appellant has not been shown to operate on any other occasion is not sufficient, without additional facts, to prove care, control, and custody. The case before the Court today is distinguishable. The State showed that ap-

pellant typically drove a brown Plymouth and was only seen driving the station wagon in which the contraband was found on the date of the offense. When he drove into the driveway on Santa Rosa, he pulled the car into the garage and closed the door. In light of the significant amount of contraband found in plain view in the house, a rational trier of fact could easily have inferred that appellant used the station wagon to transport the contraband and had partially unloaded the bundles found in the house. The facts presented in this case raise a reasonable inference of appellant's knowledge and control of the contraband. *Cooper v. State*, 852 S.W.2d 678, 681 (Tex.App.—Houston [14th Dist.] 1993, pet. ref'd).

The evidence is sufficient to affirmatively link appellant with the contraband. Reviewing the evidence in the light most favorable to the verdict, we find that a rational trier of fact could have found appellant knew of and exercised care, control, or custody of the marihuana and cocaine.

We overrule points of error one and two.

### *Motion to Suppress*

In point of error three, appellant argues the trial court erred in overruling appellant's motion to suppress because the affidavit in support of the search warrant failed to provide probable cause for its issuance in violation of the United States and Texas Constitutions.

Under the United States and Texas Constitutions, a search warrant may not issue unless it is based upon probable cause. *Knight v. State*, 814 S.W.2d 545, 546 (Tex. App.—Houston [1st Dist.] 1991, no pet.) (citing U.S. CONST. amend. IV; TEX. CONST. art. I sec. 9). Under the Texas Code of Criminal Procedure, an affidavit supporting the application for a search warrant must be filed, and must set forth sufficient facts that establish:

1) a specific offense has been committed;
2) the specifically described property or items that are to be searched for or seized constitute evidence of that offense or evi-

dence that a particular person committed that offense; and 3) the property or items constituting evidence to be searched for or seized are located at or on the particular person, place or thing to be searched.

TEX.CODE CRIM.P.ANN. art. 18.01(c) (Vernon Supp.1994).

■ In *Illinois v. Gates*, 462 U.S. 213, 239–40, 103 S.Ct. 2317, 2332–33, 76 L.Ed.2d 527 (1983), the United States Supreme Court adopted the "totality of the circumstances" approach for determining whether probable cause exists for issuance of a search warrant, rejecting the narrower "two-prong test" used under *Aguilar*. In *Aguilar*, the test was whether the affidavit 1) revealed the informant's basis of knowledge and 2) provided sufficient facts to establish either the informant's veracity or the reliability of the informant's report. *Aguilar v. Texas*, 378 U.S. 108, 114, 84 S.Ct. 1509, 1514, 12 L.Ed.2d 723 (1964). In *Gates*, the Supreme Court held:

> The task of the issuing magistrate is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a "substantial basis for ... conclud[ing]" that probable cause existed.

*Gates*, 462 U.S. at 239, 103 S.Ct. at 2332. Thus, the Supreme Court states that while the informant's veracity, reliability, and basis of knowledge are highly relevant, these elements are not entirely separate and independent requirements for each case. *Id.* at 231, 103 S.Ct. at 2328. Relying on information received from an informant is acceptable "so long as the informant's statement is reasonably corroborated by other matters within the officer's knowledge." *Id.* at 242, 103 S.Ct. at 2334. But, there must be some indicia of reliability of the tip. *Id.* at 233, 103 S.Ct. at 2329. "Under the totality of the

circumstances test," the magistrate's "determination of probable cause should be paid great deference by the reviewing courts." *Id.* at 236, 103 S.Ct. at 2331 (quoting *Spinelli v. United States*, 393 U.S. 410, 419, 89 S.Ct. 584, 590, 21 L.Ed.2d 637 (1969)).

■ Corroboration of the details of an informant's tip by independent police work is one relevant consideration in the totality of the circumstances analysis. *Gates*, 462 U.S. at 241–42, 103 S.Ct. at 2333–34; *Lowery v. State*, 843 S.W.2d 136, 141 (Tex.App.—Dallas 1992, pet. ref'd). In this case, the observations made by the customs agents during surveillance of appellant supported the information received from the informant. The informant told customs agents that narcotics were to be transported to Houston early on the morning of April 29, 1992, and that they would be stored at 1948 Santa Rosa. The agents established surveillance at 1948 Santa Rosa at 5:30 a.m. on April 29 and observed no activity. They made a number of phone calls to the residence, but received no answer. On that morning, appellant did not appear at the service station where he had been working on each previous working day during which surveillance had been maintained. At 11:20 a.m., they witnessed appellant arrive at the residence in a full-size station wagon, drive into the garage, and shut the door. Soon after, he was seen leaving the residence in another vehicle.

Appellant's later actions were suspicious and lent further reliability to the information received from the informant. Appellant went to a pay phone, where he made a short call and waited until he received a return call. About 10 minutes later, Munoz arrived and the two men shook hands and acted as if they were congratulating each other. They went to lunch and then made a number of phone calls from a pay phone. Appellant was observed driving in circles and through parking lots where he would stop and watch for anyone that might be following him. He returned home that day a total of three times and stayed each time for only a few minutes. The affiant stated that he has worked numerous investigations involving the smuggling of

large amounts of narcotics and is experienced in the transportation and storage methods used by smugglers.

Appellant argues that these actions corroborate nothing more than "public information" or observed activity that is as consistent with innocent behavior as criminal activity and do not provide probable cause sufficient to allow a magistrate to issue a warrant. *Hall v. State,* 795 S.W.2d 195, 197 (Tex.Crim.App. 1990); *Knight,* 814 S.W.2d at 547; *Lowery,* 843 S.W.2d at 141–42. We disagree. Appellant's activities were unusual and suspicious when looked at as a whole and, therefore, are not consistent with innocent behavior.

Appellant argues the affiant's statement, i.e., that he was advised by agents that appellant was planning to move the narcotics into Houston, is conclusory and therefore insufficient to prove probable cause. *Starkey v. State,* 704 S.W.2d 805, 810 (Tex.App.—Dallas 1985, pet. ref'd). In *Starkey,* the court found a conclusory statement by the affiant that his informant, a police officer, was "credible", was insufficient to show probable cause where the affiant only made reference to the officer and never named the officer as the informant, and where there were minimal statements of independent corroboration.

In this case, the informant told the agents that appellant had been smuggling narcotics for 10 years and that appellant telephoned him when the narcotics arrived in town. The informant, therefore, showed a basis for his knowledge and the affiant's statement regarding the movement of the narcotics was not conclusory.

We find a substantial basis for concluding that probable cause existed under the totality of the circumstances because the tip was reliable and the independent police investigation confirmed the information. *Gates,* 462 U.S. at 239, 103 S.Ct. at 2332.

### Informant Identity

In points of error four and six, appellant argues the trial court erred in failing to order the State to disclose the informer's identity because (4) the evidence shows that the informer may have been able to give testimony necessary to a fair determination of the issues of guilt or innocence, and (6) the affidavits show that the State relied upon the informer to obtain a search warrant and there is no basis for the trial court to have been satisfied that the informer was reliable or credible. TEX.R.CRIM.EVID. 508(c)(3). In point of error five, appellant argues that the trial court erred in failing to hold an in camera hearing on the informer's identity. TEX.R.CRIM.EVID. 508(c)(2).

Appellant filed a motion to disclose the identity of the confidential informer, which the trial court abated until the State could file an affidavit opposing the motion. There is no evidence in the record showing the trial court's ruling. Generally, a defendant must get an explicit ruling on a complaint to preserve error. *Mills v. State,* 799 S.W.2d 447, 450 (Tex.App.—Corpus Christi 1990, pet. ref'd) (citing *Darty v. State,* 709 S.W.2d 652, 655 (Tex.Crim.App.1986); TEX. R.APP.P. 52(a)).

Appellant argues that his motion was implicitly overruled because the informant's identity was unknown at trial and the trial court did not conduct an in camera hearing. The Corpus Christi Court of Appeals found that a trial court implicitly sustained an objection to improperly admitted evidence when the attorney did not object, but instead immediately asked for a mistrial which the trial court overruled. *Hadden v. State,* 829 S.W.2d 838, 841–42 (Tex.App.—Corpus Christi 1992, pet. ref'd) (citing *Coe v. State,* 683 S.W.2d 431, 435–36 (Tex.Crim.App. 1984)). *Coe* and *Hadden* have not been extended beyond their facts. Further, in *Coe* and *Hadden,* the trial court ruled on the mistrial, therefore giving a positive indication about what his ruling on the objection would have been if asked. In the case before this Court, there is no indication of how the trial court would have ruled had the appellant pursued the issue.

We find that appellant waived error because he did not get a ruling. TEX.R.APP.P. 52(a).

We overrule points of error four, five, and six.

We affirm the judgment.