**Veronica PONCE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–97–00930–CR**

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 7, 1999.

Arthur Washington, Houston, for appellants.

John B. Holmes, William Delmore, III, Houston, for appellees.

Before Chief Justice SCHNEIDER and Justices WILSON and ANDELL.

**OPINION**

MICHAEL H. SCHNEIDER, Chief Justice.

This case centers around the requirements for a juvenile to be charged as an adult for aggravated perjury. Appellant, Veronica Ponce, was convicted of aggravated perjury, and the jury assessed punishment at 3 years in prison. In two points of error, she alleges the trial court erred in denying her (1) motion to dismiss for want of jurisdiction and/or motion to transfer to a juvenile court; and (2) her motion to suppress her statements to the grand jury. We affirm.

### Factual Background

Ponce, age 13, testified before the grand jury of the 232nd District Court of Harris County, Texas concerning her role in a murder that allegedly occurred on January 1, 1996. Later, Ponce made conflicting statements to the judge of the 232nd District Court. Based on these statements, she was indicted for aggravated perjury. Prior to trial, Ponce moved to dismiss the indictment for want of jurisdiction alleging no juvenile court had waived its jurisdiction or transferred the case to the district court, and she lacked the maturity and intellect to understand the nature and obligation of an oath. She also moved to suppress statements she made to the grand jury alleging they were taken in violation of section 51.095 of the Texas Family Code. The trial court denied her motion to dismiss the indictment, but did not rule on her motion to suppress the statements she made to the grand jury.

### Motion to Dismiss and/or Motion to Transfer

Ponce first contends the trial court erred in denying her motion to dismiss for want of jurisdiction and/or motion to transfer because she was not certified to stand trial as an adult as required by section 51.08 of the Texas Family Code. In the alternative, Ponce contends that even if certification is not required, she still could not be prosecuted as an adult because she did not understand the nature and obligation of an oath as required by section 8.07 of Texas Penal Code. We disagree.

■  Section 8.07(b) provides that:

Unless the juvenile court waives jurisdiction under section 54.02, Family Code, and certifies the individual for criminal prosecution or the juvenile court has previously waived jurisdiction under that section and certified the individual for criminal prosecution, a person may not be prosecuted for or convicted of any offense committed before reaching 17 years of age *except an offense described by Subsections (a)(1)-(5).*

TEX. PENAL CODE § 8.07(b) (Vernon Supp. 1998) (emphasis added). In this regard, section 8.07(a)(1) states that "[a] person may not be prosecuted for ... any offense that he committed when younger than 15 years of age except ... aggravated perjury when it appears by proof that he had sufficient discretion to understand the nature and obligation of an oath...." *Id.* § 8.07(a)(1). Thus, even though Ponce was 13 years of age at the time she committed perjury, there was no requirement that she be certified as an adult prior to prosecution.

■  However, in order for Ponce to be prosecuted, it must appear by proof that she had the ability to understand the nature and obligation of an oath. *Id.* Without pointing to any specific evidence in the record, Ponce contends she did not understand the nature and obligation of her oath. Essentially, Ponce complains the State did not show that she understood the nature and obligation of her oath.

After the trial court denied her motion to quash the indictment, Ponce pled guilty to aggravated perjury. Ponce's plea constituted an admission of all facts necessary to establish her guilt. *Wilkerson v. State,* 736 S.W.2d 656, 659 (Tex.Crim.App.1987). Thus, Ponce admitted she understood the nature and obligation of an oath, and as a result, all the requirements for Ponce to be charged with aggravated perjury were satisfied.

We overrule Ponce's first point of error.

### Motion to Suppress Grand Jury Statements

■  Finally, Ponce contends the trial court erred in denying her motion to suppress her grand jury statements because they were taken in violation of section 51.095 of the Texas Family Code. The record reveals that Ponce never obtained a ruling on her motion to suppress. Consequently, she has failed to preserve this issue for appellate review. *See Villegas v. State,* 871 S.W.2d 894, 899 (Tex.App.—Houston [1st Dist.] 1994, pet. ref'd); TEX.R.APP. P. 33.1 (a)(2)(A). We overrule Ponce's second point of error.

The judgment of the trial court is affirmed.