In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-01-00430-CR

____________


GILBERT YNFANTE, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 230th District Court 

Harris County, Texas

Trial Court Cause No. 856251






O P I N I O N

 A jury found appellant guilty of possession with intent to deliver cocaine
weighing in excess of 400 grams. The trial court then assessed punishment at 35
years in prison. We affirm.

Background

 Denzil Carter, a former drug dealer and current police informant, agreed to
procure 10 kilograms of cocaine in exchange for dismissal of his case pending in Fort
Bend County. Pursuant to this agreement, Carter arranged a deal to purchase five
kilograms of cocaine from appellant for approximately $17,000 per kilogram.

 On September 14, 2000, Carter and undercover officer Dennis Davis of the
Houston Police Department Narcotics Division drove to a Popeye's Chicken
restaurant, where they met appellant. Carter introduced Officer Davis as his cousin
who would purchase the five kilograms of cocaine. After assuring Officer Davis that
there would be no difficulty in procuring the cocaine, appellant made several calls to
complete the transaction. After appellant received a call stating the cocaine was
available, he and Officer Davis drove to an apartment complex where another man 
 decided not to conduct the transaction because he saw a police vehicle nearby. 
Officer Davis and appellant returned to meet Carter at the Popeye's Chicken.

 Six days later, on September 20, 2000, Officer Davis, Carter, and appellant met
at a Church's Fried Chicken and then drove to an automobile repair garage. Once
there, Officer Davis watched from the car as appellant cut open one of the bricks to
show Carter the cocaine. (1) As Carter and appellant walked back to the car, Officer
Davis signaled the police surveillance team to make an arrest, which occurred almost
immediately. At trial, the State's expert confirmed that the brown paper bag
contained cocaine.

 In three points of error, appellant argues that: (1) the evidence is legally
insufficient to establish that he intentionally and knowingly possessed a controlled
substance weighing in excess of 400 grams; (2) the evidence is factually insufficient
to prove that he possessed a controlled substance with intent to distribute; and (3) the
trial court erred when it did not order a presentence investigation report (PSI) prior
to sentencing appellant.

Legal Sufficiency

 In his first point of error, appellant argues that the evidence is legally
insufficient to establish that he intentionally and knowingly possessed a controlled
substance weighing in excess of 400 grams. 

 In reviewing the legal sufficiency of the evidence, we view the evidence in the
light most favorable to the verdict to determine whether any rational trier of fact
could have found the essential elements of the crime beyond a reasonable doubt. 
Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979).

 To establish the unlawful possession of a controlled substance, the State must 
prove that: (1) the accused exercised care, custody, control, or management over the
contraband; and (2) the accused knew that the matter possessed was contraband. 
Grant v. State, 989 S.W.2d 428, 433 (Tex. App.--Houston [14th Dist.] 1999, no pet.). 
 The control over the contraband need not be exclusive. It can be jointly
exercised by more than one person. Villegas v. State, 871 S.W.2d 894, 896 (Tex.
App--Houston [1st Dist.] 1994, pet. ref'd). Although the State need not show
exclusive control, every defendant must be affirmatively linked with the contraband. 
Id. The evidence affirmatively linking the accused to the contraband may be direct
or circumstantial. Grant, 989 S.W.2d at 433. In addition, the affirmative links
between the accused and the contraband need not be so strong that they exclude every
other reasonable hypothesis except that of the accused's guilt. Id.

 Factors that may establish affirmative links between the accused and the
contraband include whether: (1) the contraband was in plain view; (2) the contraband
was conveniently accessible to the accused; (3) the contraband was in a place owned
by the accused; (4) the contraband was in a car driven by the accused; (5) the
contraband was found on the same side of the car as the accused; (6) the contraband
was found in an enclosed space; (7) the conduct of the accused indicated a
consciousness of guilt; (8) the accused had a special relationship to the contraband;
(9) occupants of the automobile gave conflicting statements about relevant matters;
and (10) affirmative statements connect the accused to the contraband. Hurtado v.
State, 881 S.W.2d 738, 743 (Tex. App.--Houston [1st Dist.] 1994, no pet.). The 
number of factors is not as important as the "logical force" or degree to which the
factors, separately or in combination, affirmatively tend to link the accused to the
contraband. Id.

 A number of factors established an affirmative link between appellant and the
contraband. Carter testified that appellant had control over the bags of cocaine. He
testified that appellant removed one of the bags from the refrigerator and cut the bag
open to show Carter that it contained cocaine. Carter also testified that in the past he
had received cocaine in the amount of five kilograms from appellant. Officer Davis
testified that he saw appellant and Carter looking at an object that resembled a brown
paper bag. Officer T. R. Walker, who worked surveillance and made arrests during
this drug transaction, testified that he saw bricks of cocaine, one of which was cut
open, lying on the garage floor near the refrigerator. Appellant reassured Officer
Davis that he would procure the cocaine and apologized when he could not deliver
it at their first meeting. Finally, although another male was present at the scene,
Officer Davis testified that, he "just appeared [to be] working on a vehicle" and was
two or three feet away from Carter and appellant during this drug transaction.

 Viewing this evidence in the light most favorable to the verdict, a rational trier
of fact could have found beyond a reasonable doubt that appellant exercised care,
custody, control, or management over the cocaine and knowingly possessed cocaine. 
Therefore, we conclude that the evidence of appellant's knowingly and intentionally
possessing a controlled substance weighing in excess of 400 grams is legally
sufficient to support his conviction.

 We overrule appellant's first point of error. 

Factual Sufficiency

 In his second point of error, appellant contends that the evidence is factually
insufficient to support his conviction for possession of a controlled substance with
intent to distribute.

 Under the factual sufficiency standard, we ask "whether a neutral review of all
the evidence, both for and against the finding, demonstrates that proof of guilt is so
obviously weak as to undermine confidence in the jury's determination, or the proof
of guilt, although adequate if taken alone, is greatly outweighed by contrary proof." 
King v. State, 29 S.W.3d 556, 563 (Tex. Crim. App. 2000). We reverse the fact-finder's determination only if injustice has occurred. Id. We may disagree with the
jury's determination, even if probative evidence supports the verdict, but we must
avoid substituting our own judgment for that of the fact-finder. Id. In addition to the
evidence that we considered under the legal sufficiency point of error, we now
consider the rest of the evidence.

 Appellant contends that when the accused is not in exclusive control of the
place where the contraband is found, it cannot be concluded that he had knowledge
and control of it unless there are independent facts and circumstances which link him
to the contraband. See White v. State, 890 S.W.2d 131, 139 (Tex. App.--Texarkana
1994, pet. ref'd).

 After the State rested its case, appellant neither testified nor called any
witnesses for his defense. The only evidence tending to support appellant's argument
is the testimony of Officers Walker and Davis. Officer Walker testified that he did
not see the drug transaction and that he was told that Carter, not appellant, cut open
one of the bags. Officer Walker, however, testified that he was conducting a rolling
surveillance of the drug transaction and did not see the bag when it was cut open. 
While Officer Davis testified that he never saw appellant touch a brown paper bag,
he testified that he saw Carter and appellant looking at an object that resembled a
brown paper bag. Thus, the testimony from the officers does not greatly outweigh the
evidence supporting the jury's verdict. We conclude that the jury's verdict was not
manifestly unjust. Therefore, the evidence is factually sufficient to support
appellant's conviction for possession with intent to deliver cocaine in excess of 400
grams.

 We overrule appellant's second point of error.

Lack of PSI

 In his third point of error, appellant contends that the trial court erred in not
ordering a PSI prior to sentencing him. 

 Before sentencing, a supervision officer must inform the trial court about
certain information relating to a defendant:

(a) Except as provided by Subsection (g) of this section, before the
imposition of a sentence by a judge in a felony case, . . . the judge shall
direct a supervision officer to report to the judge in writing on the
circumstances of the offense with which the defendant is charged, the
amount of restitution necessary to adequately compensate a victim of the
offense, the criminal and social history of the defendant, and any other
information relating to the defendant or the offense requested by the
judge.

* * *

 (g) Unless requested by the defendant, a judge is not required to direct
an officer to prepare a presentence report in a felony case under this
section if:

 (1) punishment is to be assessed by a jury;

 (2) the defendant is convicted of or enters a plea of nolo 

 contendere to capital murder;

 (3) the only available punishment is imprisonment; or

 (4) the judge is informed that a plea bargain agreement exists, 

under which the defendant agrees to a punishment of
imprisonment, and the judge intends to follow the agreement.


Tex. Code Crim. Proc. Ann. art. 42.12 § 9(a),(g) (Vernon Supp. 2002),(emphasis
added).

 A trial court is required to order a PSI when (1) the defendant requests it or (2)
when no exception applies. See Whitelaw v. State, 29 S.W.3d 129, 134 (Tex. Crim.
App. 2000). In instances when the court assesses punishment, a defendant is not
eligible for community supervision if the defendant is sentenced to an imprisonment
term that exceeds 10 years or is sentenced to a term of confinement under section
12.35 of the Penal Code. Tex. Code Crim. Proc. Ann. art. 42.12 § 3(e).

 Appellant initially requested that the jury assess punishment but later elected
to have the court assess his punishment. Appellant did not request a PSI, and he was
not eligible for any other punishment than imprisonment. Accordingly, under the
plain language of the statute, the trial court had discretion in determining whether to
order a PSI. 

 Appellant next argues that he did not waive his right to a PSI and that the trial
court failed to admonish him of his right to the PSI. In Wright v. State, the court
explained that, because the defendant did not draw the court's attention to the lack
of a PSI after punishment was assessed but before sentencing, he waived his right to
use the report and to complain of its nonexistence on appeal. 873 S.W.2d 77, 83
(Tex. App.--Dallas 1994, pet. ref'd); see also Holloman v. State, 942 S.W.2d 773,
776-77 (Tex. App.--Beaumont 1997, no pet.). In addition, neither the plain language
of the statute nor the case law sets forth a requirement that appellant be admonished
of his right to a PSI. See id.; Tex. Code Crim. Proc. Ann. art. 42.12 §§ 3(e), 9(a),
(g). 

 We overrule appellant's third point of error. 





Conclusion

 We affirm the judgment of the trial court.



 Adele Hedges

 Justice


Panel consists of Justices Hedges, Keyes, and Duggan. (2)

Do not publish. Tex. R. App. P. 47.4.
1. Carter testified that the cocaine was in butcher paper-wrapped bricks placed in
a brown paper bag.
2. The Honorable Lee Duggan, Jr., retired Justice, Court of Appeals, First District
of Texas at Houston, participating by assignment.