In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-01-01198-CR
____________

DERRICK LINN WILLIAMS, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 248th District Court 
Harris County, Texas
Trial Court Cause No. 858548 




O P I N I O N
          After appellant pled no contest to the offense of possession of over 400 grams
of cocaine, the trial court found appellant guilty of the offense and sentenced him to
20 years’ confinement in prison. In his first and third points of error, appellant
contends that the search warrant used to seize cocaine from his house was not
supported by an affidavit showing probable cause. In his second point of error,
appellant asserts that the trial court erred by declining to order that the identity of the
confidential informant be disclosed to the defense. We affirm. Facts
          On October 15, 2000, Officer Mark Boyle of the Houston Police Department
spoke with a confidential informant. The informant told Boyle that appellant
possessed cocaine and planned to deliver it that afternoon. The informant told Boyle
that the cocaine was inside appellant’s house and identified appellant’s house and car. 
Boyle immediately initiated a surveillance of appellant’s house. After appellant left
his house driving the car identified by the informant, Boyle pulled appellant over for
a traffic violation. After conducting a search, Boyle found appellant illegally in
possession of a firearm and arrested him. Boyle did not find cocaine in the car.
          Boyle next sought to obtain a search warrant for appellant’s house. Boyle
telephoned Officer Frank Scoggins of the Houston Police Department and asked him
to prepare an affidavit. The affidavit contained the information provided by the
informant, but did not provide any information regarding appellant’s arrest. Scoggins
presented the affidavit to a magistrate, who issued a search warrant for appellant’s
house. Boyle subsequently searched appellant’s house and found over 400 grams of
cocaine. 
 
Motion to Suppress
          In his first point of error, appellant contends that Scoggins’ affidavit failed to
show, within the totality of the circumstances, probable cause to support the issuance
of the search warrant. 
          A search warrant may issue only if supported by an affidavit showing facts that
justify a conclusion that the object of the search is probably on the premises. See
Ramos v. State, 934 S.W.2d 358, 363 (Tex. Crim. App. 1996); Villegas v. State, 871
S.W.2d 894, 898 (Tex. App.—Houston [1st Dist.] 1994, pet. ref’d). A search warrant
must set forth facts to establish probable cause that (1) a specific offense was
committed, (2) the item(s) to be searched for constitute evidence of the offense, and
(3) the item(s) to be searched for are present at a specific location. See Tex. Code.
Crim. Proc. Ann. art. 18.01(c) (Vernon Supp. 2002); Hughes v. State, 843 S.W.2d
591, 593-94 (Tex. Crim. App. 1992).
          We examine the totality of circumstances, as viewed from the four corners of
the affidavit, to determine whether the circumstances justify a conclusion that the
object of the search is probably on the premises. Ramos, 934 S.W.2d at 362-63. Only
facts found within the four corners of the affidavit may be considered. Jones v. State,
833 S.W.2d 118, 123 (Tex. Crim. App. 1992). The magistrate may draw reasonable
inferences from facts and circumstances alleged. Id. at 124. 
          The reliability of the affiant and his sources of information are part of the
totality of the circumstances a magistrate should evaluate when making a probable
cause determination. See Johnson v. State, 803 S.W.2d 272, 289 (Tex. Crim. App.
1990). An unnamed informant’s reliability may be established by the general
assertions of the affiant, as stated in the affidavit, concerning the informant’s prior
reliability. Capistran v. State, 759 S.W.2d 121, 128 (Tex. Crim. App. 1982); Cerda
v. State, 846 S.W.2d 533, 534 (Tex. App.—Corpus Christi 1993, no pet.). 
Furthermore, an affiant may rely on hearsay, provided a substantial basis for crediting
the hearsay is presented. Illinois v. Gates, 462 U.S. 213, 238, 241-42, 103 S. Ct.
2317, 2332-34 (1983); Green v. State, 736 S.W.2d 218, 219 (Tex. App.—Corpus
Christi 1987, no pet.). In reviewing the sufficiency of an affidavit, the issuing
magistrate’s determination of probable cause should be given great deference, and
should be sustained as long as the magistrate had a substantial basis for concluding
that a search warrant would produce evidence of wrongdoing. Ramos, 934 S.W.2d
at 363. 
          In the present case, Scoggins’ affidavit reveals the following: (1) Boyle
received information from a confidential informant; (2) this informant saw cocaine 
packaged inside appellant’s house during the prior 72-hour period; (3) the informant
has seen cocaine on many occasions and could identify the substance; (4) the
informant provided appellant’s address and description; and (5) the informant was
credible and reliable and had provided Boyle with true and accurate information in
the past. 
          As a reviewing court, we may not determine probable cause de novo and may
only decide whether there is substantial evidence to support the magistrate’s decision. 
See Meeks v. State, 851 S.W.2d 373, 376 (Tex. App.—Houston [1st Dist.] 1993, pet.
ref’d). Constrained to the four corners of the affidavit, we find that information from
the “reliable informant,” that he viewed cocaine at appellant’s house within 72 hours
before the issuance of the warrant, provided a reasonable basis for the magistrate to
conclude that probable cause existed for the issuance of the search warrant. See
Capistran, 759 S.W.2d at 126-27. 
          We overrule appellant’s first point of error. 
          In his third point of error, appellant contends that Scoggins and Boyle
recklessly omitted material facts from the affidavit in order to establish probable
cause. Appellant asserts that these omissions violate the rule announced in Franks
v. Delaware, 438 U.S. 154, 98 S. Ct. 2674 (1978).


 
          In Franks, the Supreme Court held that, if a defendant established by a
preponderance of the evidence that a probable cause affidavit contained a material
falsehood made knowingly, intentionally, or recklessly, then the falsehood must be
excised from the affidavit. See Franks, 438 U.S. at 156, 98 S. Ct. at 2676; Janecka
v. State, 937 S.W.2d 456, 462 (Tex. Crim. App. 1996). In addition, the Supreme
Court stated: 
          To mandate an evidentiary hearing for a Franks claim, the
challenger’s attack must be more than conclusory and must be supported
by more than a mere desire to cross-examine. There must be allegations
of deliberate falsehood or of reckless disregard for the truth, and those
allegations must be accompanied by an offer of proof. They should
point out specifically the portion of the warrant affidavit that is claimed
to be false; and they should be accompanied by a statement of
supporting reasons. Affidavits or sworn or otherwise reliable statements
of witnesses should be furnished, or their absence satisfactorily
explained.
 
Id. at 171, at 2683. 
          In his motion to suppress, appellant did not assert that material omissions from
the probable cause affidavit existed, nor did he provide an offer of proof showing
material omissions. Instead, appellant attempted to raise his Franks claim for the first
time at the motion to suppress hearing.


 As the San Antonio Court of Appeals stated
in Robuck, “It appears appellant believed he could question witnesses on matters not
contained in the probable cause affidavit without making the preliminary Franks
showing on the alleged omissions; in other words, it appears appellant wanted to
wholly relitigate the issue of probable cause for the search warrant, irrespective of
Franks.” Robuck v. State, 40 S.W.3d 650, 653 (Tex. App.—San Antonio 2001, pet.
ref’d). Because appellant did not make the preliminary showing of deliberate
falsehood or reckless disregard required by Franks, his complaint is not preserved on
appeal. See id.; Franks, 438 U.S. at 171, 98 S. Ct. at 2683. 
          We overrule appellant’s third point of error. 
Confidential Informant
          In his second point of error, appellant contends that the trial court erred by
declining to order that the identity of the confidential informant be disclosed to the
defense. The trial court did not rule on a motion to disclose the identity of a
confidential informer, and appellant expressly waived this point at the motion to
suppress hearing.


 See Villegas, 871 S.W.2d at 899. 
          We overrule appellant’s second point of error.        
Conclusion
          We affirm the judgment of the trial court. 



 
 
                                                                        Elsa Alcala
     Justice

Panel consists of Justices Taft, Alcala, and Price.




Do not publish. Tex. R. App. P. 47.4.