Opinion issued June 26, 2003
                            









 
In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00741-CR




 MELVIN DANYEAL POWELL, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 263rd District Court
 Harris County, Texas
Trial Court Cause No. 912360




O P I N I O N

          A jury convicted appellant, Melvin Danyeal Powell, of possession of a firearm
by a felon, and the trial court assessed punishment at two years in prison. We
determine whether the evidence was legally and factually sufficient to show that
appellant knowingly possessed the firearm. We affirm.
Facts
          At about 1:00 a.m. on November 17, 2002, Houston Police Department
(“HPD”) Officer Sightsinger noticed a suspicious car parked in a car wash. After
HPD Officer Newman arrived a few minutes later, the officers approached the car. 
They noticed appellant lying in the driver’s seat and another man lying in the
passenger’s seat. Both of the two occupants were extremely intoxicated. The officers
arrested the men for public intoxication. While conducting an inventory of the car,
Officer Sightsinger found a shotgun and three shotgun shell rounds in the car’s trunk. 
 When Officer Newman asked Officer Sightsinger to determine whether the shotgun
was stolen, appellant told the officers that the shotgun was not stolen, that he had
bought it from a friend, and that the recovered bullets did not fit the gun’s chamber.
          In contrast, at trial, appellant testified that he had not been intoxicated and did
not make the statement to the officers about the shotgun and the bullets. Appellant
and his wife testified that appellant’s sister owned both the car and the shotgun; that,
when they had borrowed the car on the afternoon before appellant was arrested, they
did not check it for weapons or know that a shotgun was in the trunk; and that
appellant did not own any weapons. Officer Newman checked the car’s registration,
which showed ownership in a woman’s name, not in appellant’s. 
Sufficiency of the Evidence 
          In four points of error, appellant contends that the evidence was legally and
factually insufficient to prove that he knowingly possessed the shotgun, specifically,
to show that he (1) exercised care, custody, or control over the shotgun or (2)
possessed the shotgun long enough to have permitted him to terminate his control
over it.
1.       The Standard of Review
          In our legal-sufficiency review, we view the evidence in the light most
favorable to the verdict and ask whether any rational fact finder could have found the
crime’s essential elements beyond a reasonable doubt. Johnson v. State, 23 S.W. 3d
1, 11 (Tex. Crim. App. 2000). In our factual-sufficiency review, we examine all of
the evidence neutrally and ask whether proof of guilt is so obviously weak as to
undermine confidence in the jury’s determination or so greatly outweighed by
contrary proof as to indicate that a manifest injustice has occurred. See Zuliani v.
State, 97 S.W.3d 589, 593-94 (Tex. Crim. App. 2003). We must consider the most
important evidence that the appellant claims undermines the jury’s verdict. Sims v.
State, 99 S.W.3d 600, 603-04 (Tex. Crim. App. 2003). The factfinder is the sole
judge of the weight and credibility of witness testimony. Johnson, 23 S.W.3d at 7.
 
2.       The Law
          The indictment alleged that appellant had committed the offense of possession
of a firearm by a felon pursuant to Penal Code section 46.04(a)(1). See Tex. Pen.
Code Ann. § 46.04(a)(1) (Vernon 2003). Accordingly, to establish that appellant
unlawfully possessed a firearm, the State had to prove that appellant (1) had been
convicted of a felony offense and (2) possessed the firearm within the five-year
anniversary of his release either from confinement following conviction or from
supervision under community supervision, parole, or mandatory supervision,
whichever date was later. See id.; Hawkins v. State, 89 S.W.3d 674, 677 (Tex.
App.—Houston [1st Dist.] 2002, pet. ref’d). Appellant stipulated to all elements of
the offense except for possession.
          “‘Possession’ means actual care, custody, control, or management.” See Tex.
Pen. Code Ann. § 1.07(a)(39) (Vernon 2003). A person commits a possession
offense only if he voluntarily possesses the prohibited item. See id. § 6.01(a) (Vernon
2003). “Possession is a voluntary act if the possessor knowingly obtains or receives
the thing possessed or is aware of his control of the thing for a sufficient time to
permit him to terminate his control.” Id. § 6.01(b). When a defendant’s possession
of contraband is not exclusive, the State may prove knowing possession by evidence
affirmatively linking the defendant to the contraband. Brown v. State, 911 S.W.2d
744, 747 (Tex. Crim. App. 1995); Hawkins, 89 S.W.3d at 677 (applying same to
offense of possession of firearm by felon). An affirmative link may be established
through direct or circumstantial evidence. Brown, 911 S.W.2d at 747. Some non-exhaustive factors that may affect the determination of an affirmative link include
whether the contraband was (1) in a car driven by the accused, (2) in a place owned
by the accused, (3) conveniently accessible to the accused, (4) in plain view, or (5)
found in an enclosed space. Corpus v. State, 30 S.W.3d 35, 38 (Tex. App.—Houston
[14th Dist.] 2000, pet. ref’d.); Gilbert v. State, 874 S.W.2d 290, 298 (Tex.
App.—Houston [1st Dist.] 1994, pet. ref’d.). Courts have also considered an
accused’s affirmative statement connecting him to the contraband. See Gilbert, 874
S.W.2d at 298.
3.       The Sufficiency of the Evidence Showing that Appellant Exercised Care,
Custody, Control, or Management Over the Shotgun

          In points of error one and two, appellant argues that the evidence is legally and
factually insufficient to show that he knowingly possessed the shotgun because there
was no or insufficient evidence that he exercised care, custody, or control over it.


 
See Tex. Pen. Code Ann. §§ 1.07(a)(39), 6.01(a), (b).
          The evidence viewed in the light most favorable to the verdict shows that
appellant was the driver of the vehicle in which the shotgun was found. When the
officers were discussing whether the shotgun was stolen, appellant volunteered
information about the shotgun, rather than expressing surprise that the officers had
found a shotgun in the trunk in the first place.


 Moreover, appellant admitted that he
had purchased the shotgun from a friend, and, although the shotgun and bullets were
in the trunk, that he knew that the bullets would not fit into the shotgun’s chamber. 
A rational jury could have concluded that this evidence affirmatively linked appellant
to the shotgun and thus showed circumstantially that he knowingly obtained or
received the shotgun, i.e., that he knowingly exercised care, custody, control, or
management over it. See Tex. Pen. Code Ann. §§ 1.07(a)(39), 6.01(b); Gilbert, 874
S.W.2d at 298 (listing among factors possibly linking accused to contraband that
accused drove vehicle in which contraband was found or made affirmative statements
connecting self to contraband). Therefore, we hold that the evidence is legally
sufficient to show knowing possession.
          We overrule point of error one.
          To support his claim that the evidence is factually insufficient to show that he
possessed the shotgun knowingly, appellant relies on the undisputed facts that he did
not own the vehicle and that he was never seen directly exercising control over the
shotgun. We cannot say that this evidence greatly outweighs the contrary evidence
set out above or makes the verdict manifestly unjust. Additionally, the fact that a
person other than the accused owns the vehicle in which both the accused and the
contraband are found does not necessarily preclude the accused from being a or the
possessor of the contraband. See Villegas v. State, 871 S.W.2d 894, 896 (Tex.
App.—Houston [1st Dist.] 1994, pet. ref’d) (“The control over the contraband need
not be exclusive, but can be jointly exercised by more than one person. When the
accused is not in exclusive control of the place where the contraband is found, the
State must show additional affirmative links between the accused and the
contraband.”) (citation omitted). Finally, possession could be shown circumstantially
and did not have to be demonstrated by evidence that appellant exercised direct care,
custody, control, or management over the shotgun. See Brown, 911 S.W.2d at 747. 
Therefore, we hold that the evidence is factually sufficient to show knowing
possession. 
          We overrule point of error two.
4.       The Sufficiency of the Evidence Showing that Appellant Controlled the
Shotgun Long Enough to Have Terminated His Control Over It

          In points of error three and four, appellant argues that the evidence is legally
and factually insufficient to show that he knowingly possessed the shotgun because
there was no evidence that appellant had control over the shotgun long enough to
have terminated his control over it. See Tex. Pen. Code Ann. § 6.01(b). 
          Section 6.01(b) allows the State to prove knowing possession by showing
either that an accused knowingly obtained or received the item or that he controlled
the item long enough to terminate his control over it. See id. § 6.01(b). The jury
charge instructed similarly, tracking the disjunctive language of section 6.01(b). We
have already held that there was legally and factually sufficient evidence that
appellant knowingly obtained or received the shotgun, i.e., that he knowingly
exercised care, custody, control, or management over the shotgun. See id. §§
1.07(a)(39), 6.01(b). Therefore, whether the State also produced sufficient evidence
of the alternate means to show knowing possession under section 6.01(b)—sufficient
length of control—would not have affected the verdict and is thus immaterial. See
Rabbani v. State, 847 S.W.2d 555, 558 (Tex. Crim. App. 1992) (“[W]hen the jury
returns a general verdict and the evidence is sufficient to support a guilty finding
under any of the allegations submitted, the verdict will be upheld.”).
          Accordingly, we need not address points of error three and four.
Conclusion

          We affirm the judgment of the trial court.
 

                                                             Tim Taft
                                                             Justice

Panel consists of Justices Taft, Jennings, and Hanks.

Publish. See Tex. R. App. P. 47.2(b).