Opinion issued May 27, 2004



     












In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00552-CR




LEASIA ANN YOUNG, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 338th District Court
Harris County, Texas
Trial Court Cause No. 924376




MEMORANDUM OPINION

          A jury found appellant, Leasia Ann Young, guilty of possession of more than
four but less than 200 grams of cocaine, found the enhancement allegations in the
indictment true, and assessed punishment at confinement for 30 years. In two issues
on appeal, appellant contends that the evidence was legally and factually insufficient
to support her conviction.
          We affirm.
Facts and Procedural History
          At trial, the State primarily depended on the testimony of Houston Police
Officers D. Bogaard and E. Arjona. These officers testified that, on September 16,
2002, they and other officers conducted a search for cocaine at a house on 2846
Liberty Road, Houston, Texas, pursuant to a search warrant. When the warrant was
executed, the house contained approximately 10 occupants. Appellant was one such
occupant, being in the southeast bedroom when the police arrived. Upon securing the
house, the police ushered the occupants to the living room and began to identify them.
          When asked for her identification, appellant indicated that her purse was in the
southeast bedroom of the house and that her driver’s license was therein. Officer
Arjona found appellant’s purse on a bed in the specified bedroom. When he looked
in the purse for appellant’s driver’s license, he noticed a plastic bag containing two
quantities of crack cocaine. Upon further inspecting the purse, Officer Arjona also
found appellant’s driver’s license and a cigarette box containing a crack pipe and
more crack cocaine. 
 
          At trial, appellant conceded that the purse Officer Arjona searched belonged
to her. However, she also testified that she did not possess the cocaine and did not
know the cocaine was present in the house. To support her contentions, appellant
presented the testimony of Sharonda Webb. Ms. Webb indicated that the cocaine and
crack pipe found by the officer belonged to her and not to appellant. Ms. Webb
further testified that she had not put the cigarette box containing the drugs in
appellant’s purse, but had instead hidden the drugs behind a dresser in the bedroom
where appellant’s purse was found. 
Sufficiency of the Evidence
A.      Standards of Review
          A legal sufficiency challenge requires us to determine whether, after viewing
the evidence in the light most favorable to the verdict, any rational trier of fact could
have found the essential elements of the offense beyond a reasonable doubt. Johnson
v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); Howley v. State, 943 S.W.2d 152,
155 (Tex. App.—Houston [1st Dist.] 1997, no pet.). We note that, as the exclusive
judges of the facts, the credibility of the witnesses, and the weight to be given their
testimony, the jury may believe or disbelieve all or any part of a witness’ testimony. 
Penagraph v. State, 623 S.W.2d 341, 343 (Tex. Crim. App. 1981) (opining that “a
jury is entitled to accept one version of the facts and reject another or reject any of a
witness’s testimony”). 
          We review the factual sufficiency of the evidence by reviewing all of the
evidence as a whole neutrally, not in the light most favorable to the prosecution. 
Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000). In a factual sufficiency
review, we may not substitute our own judgment for that of the fact finder. Jones v.
State, 944 S.W.2d 642, 648 (Tex. Crim. App. 1996). The Court of Criminal Appeals
has recently stated:
There is only one question to be answered in a factual-sufficiency
review: Considering all of the evidence in a neutral light, was a jury
rationally justified in finding guilt beyond a reasonable doubt? 
However, there are two ways in which the evidence may be insufficient. 
First, when considered by itself, evidence supporting the verdict may be
too weak to support the finding of guilt beyond a reasonable doubt. 
Second, there may be both evidence supporting the verdict and evidence
contrary to the verdict. Weighing all evidence under this balancing
scale, the contrary evidence may be strong enough that the beyond-a-reasonable-doubt standard could not have been met, so [that] the guilty
verdict should not stand. This standard acknowledges that evidence of
guilt can “preponderate” in favor of conviction but still be insufficient
to prove the elements of the crime beyond a reasonable doubt. Stated
another way, evidence supporting guilt can “outweigh” the contrary
proof and still be factually insufficient under a beyond-a-reasonable-doubt standard. 

Zuniga v. State, No. 539-02, 2004 WL 840786 (Tex. Crim. App. Apr. 21, 2004)
(footnote omitted). We must consider the most important evidence that the appellant
claims undermines the jury’s verdict. Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim.
App. 2003). 
 
 
B.      Possession of a Controlled Substance
          The elements of unlawful possession are that the defendant exercised care,
custody, control, and management over the contraband and that the defendant knew
that the substance being possessed was contraband. Cedano v. State, 24 S.W.3d 406,
411 (Tex. App.—Houston [1st Dist.] 2000, no pet.) (citing Jackson v. Virginia, 443
U.S. 307, 318-19, 99 S. Ct. 2781, 2788-89 (1979)). The State need not show that the
defendant exercised exclusive control, but when the defendant does not have
exclusive control, the State must show additional affirmative links between the
defendant and the contraband. Villegas v. State, 871 S.W.2d 894, 896 (Tex.
App.—Houston [1st Dist.] 1994, pet. ref’d). The “affirmative links” requirement
requires the State to show by direct or circumstantial evidence that the accused’s
connection with the drug was more than just fortuitous. Brown v. State, 911 S.W.2d
744, 747 (Tex. Crim. App. 1995). Mere presence is insufficient to show that a person
possessed the drug. Chavez v. State, 769 S.W.2d 284, 288 (Tex. App.—Houston [1st
Dist.] 1989, pet. ref’d). 
C.      Legal Sufficiency of the Evidence
          In her first point of error, appellant contends that the evidence was legally
insufficient to support her conviction. Specifically, appellant contends that no
evidence was presented at trial indicating that she possessed cocaine or had
knowledge of the cocaine found.
          The State presented evidence that Officer Arjona found crack cocaine and a
crack pipe in a purse containing appellant’s driver’s license. The purse and cocaine
were discovered in the same bedroom that appellant was in at the time the police
arrived at the house. Moreover, at trial, appellant conceded that the purse that Officer
Arjona searched belonged to her. 
          Viewing the evidence in the light most favorable to the verdict, we hold that
a rational trier of fact could have found the essential elements of possession of a
controlled substance beyond a reasonable doubt. 
          We overrule appellant’s first point of error.
D.      Factual Sufficiency of the Evidence
          In her second point of error appellant contends that the evidence was factually
insufficient to support her conviction. Specifically, appellant contends that she
presented evidence that the cocaine did not belong to her and instead belonged to Ms.
Webb. This evidence, appellant argues, outweighed the evidence supporting her
conviction.
          Appellant presented testimony that the drugs belonged to Ms. Webb and that
they were placed by Ms. Webb behind a dresser and not in appellant’s purse. On the
other hand, the State presented Officer Arjona’s testimony that the drugs were found
in appellant’s purse and not behind the dresser, as Ms. Webb asserted. Officer Arjona
also testified that the purse was in the southeast bedroom of the house—the same
room appellant was in when the police arrived—and that the purse contained
appellant’s driver’s license. When a jury’s determination depends primarily on its
evaluation of a witnesses’s demeanor and credibility, it is entitled to almost total
deference. Johnson, 23 S.W.3d at 8-9. In the instant case, the jury was free to reject 
appellant’s and Ms. Webb’s testimony and to believe that of the officer. Id. We defer
to the jury’s decision.
          Examining all of the evidence neutrally, we hold that the proof of guilt was not
so obviously weak as to undermine confidence in the jury’s determination; nor was
the contrary evidence so strong that the beyond-a-reasonable-doubt standard could
not have been met.
We overrule appellant’s second point of error.
Conclusion
          We affirm the judgment of the trial court.
 

                                                             Laura Carter Higley
                                                             Justice
 
Panel consists of Justices Taft, Hanks, and Higley.
Do not publish. Tex. R. App. P. 47.2(b).