11th Court of Appeals
Eastland, Texas
Opinion
 
Shirley Campbell Sanchez
            Appellant
Vs.                  No. 11-03-00276-CR – Appeal from Taylor County
State of Texas
            Appellee
 
            After a bench trial, Shirley Campbell Sanchez was convicted of possession with intent to
deliver morphine in the amount of one gram or more but less than four grams. The trial court found
the two enhancement paragraphs to be true and assessed punishment at 25 years confinement. 
Appellant argues in two issues that the evidence was legally and factually insufficient to show that
she had possession of the morphine. We affirm.
Standard of Review
            In reviewing claims of legal insufficiency, we review all of the evidence in the light most
favorable to the verdict to determine whether any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979); Jackson
v. State, 17 S.W.3d 664 (Tex.Cr.App.2000). In order to determine if the evidence is factually
sufficient, we must review all of the evidence in a neutral light and determine whether the evidence
supporting guilt is so weak that the verdict is clearly wrong and manifestly unjust or whether the
evidence contrary to the verdict is so strong that the beyond-a-reasonable-doubt burden of proof
could not have been met. Zuniga v. State, No. 539-02, 2004 WL 840786 (Tex.Cr.App. April 21,
2004); Ross v. State, 133 S.W.3d 618 (Tex.Cr.App.2004); Vasquez v. State, 67 S.W.3d 229, 236
(Tex.Cr.App.2002); Cain v. State, 958 S.W.2d 404 (Tex.Cr.App.1997); Clewis v. State, 922 S.W.2d
126 (Tex.Cr.App.1996). The trial court, as the trier of fact, is the exclusive judge of the credibility
of the witnesses and the weight to be given to their testimony. Joseph v. State, 897 S.W.2d 374, 376
(Tex.Cr.App.1995). 
Background Facts
            Officer Susan Belver, a narcotics investigator with the Abilene Police Department, testified
that she purchased some morphine from a woman named Charlie Redrick at 242 Chapel Hill Road
in Abilene. After making the initial controlled drug purchase, Officer Belver obtained a search
warrant to search the Chapel Hill residence. Before the search warrant could be executed, Redrick
contacted Officer Belver (who was using a pseudonym), stating that she had an additional 70
morphine pills to sell. Officer Belver returned to the residence and purchased an additional 50
morphine pills for $300. Redrick poured out the pills from an amber prescription bottle that had its
label scratched off; Redrick put the remaining 20 pills back in the bottle. After Officer Belver left
the second time, Redrick again contacted Officer Belver’s pager. When Officer Belver telephoned
Redrick back, Officer Belver could hear Redrick talking to another female in the background. 
Redrick told Officer Belver that she also had some Soma pills for sale at $4 each.
            While Officer Belver was making the purchases, members of the Abilene narcotics
investigation team had the residence under surveillance. Shortly after the second drug purchase, the
narcotics investigation team executed the search warrant. One of the officers testified that, when
they executed the search warrant, Redrick was in the west bedroom, and appellant was in the living
room. Appellant’s purse was found in the living room area; it contained the amber prescription bottle
with its label scratched off and $250 of the marked purchase money that Officer Belver had used to
buy the morphine. The bottle contained 20 morphine pills. The purse also contained prescriptions
in appellant’s name, prescription bottles with her name, and a Bank America notebook with her
name in it. Appellant admitted that it was her purse but testified that her sister (Redrick) had given
the money to her to go to the grocery store and that she had never seen the prescription bottle. 
            Appellant stated that 242 Chapel Hill Road had been her mother’s house and that appellant
lived at 2029 North 20th Street. Appellant denied that she had ever had morphine in her possession
but stated that she did take Lortab and Soma for her injured arm. Officer Belver was recalled to the
stand and testified that the drug buy was to have originally been at 2029 North 20th Street, but that
Redrick had changed it to 242 Chapel Hill Road. 
            Officer Tommy Pope, an Abilene police officer, testified that he was a member of the
surveillance team that had watched the residence from before the time when Officer Belver made
her first purchase. The team saw no one leave the residence and only one car arrive at the residence. 
Some children came out of the residence to talk with the person in the car, but the person in the car
did not go into the residence. Appellant testified that the surveillance team had to have been 
mistaken because she had driven up to the front of the house and then went inside with her grand
baby. Appellant claimed that she did not see Officer Belver in the house with Redrick. 
Evidence Was Sufficient to Affirmatively Link Appellant to the Morphine
            In cases involving unlawful possession of a controlled substance, the State must prove that
the accused exercised care, custody, control, or management over the substance and that the accused
knew that the matter possessed was contraband. Martin v. State, 753 S.W.2d 384 (Tex.Cr.App.
1988); King v. State, 895 S.W.2d 701, 703 (Tex.Cr.App.1995). The “intent to deliver” element may
be proved by circumstantial evidence, such as the quantity of drugs possessed, the manner of pack-aging, and the presence of the accused on the premises. Taylor v. State, 106 S.W.3d 827, 831
(Tex.App. – Dallas 2003, no pet’n). When the accused is not shown to have had exclusive
possession of the place where the contraband was found, the evidence must affirmatively link the
accused to the contraband. Brown v. State, 911 S.W.2d 744, 745-48 (Tex.Cr.App.1995). The link
need not be so strong that it excludes every other outstanding reasonable hypothesis except the
defendant’s guilt. Brown v. State, supra at 748. 
            Courts have considered various factors in determining whether evidence affirmatively links
an accused to contraband, including (1) whether the accused was present at the time of the search;
(2) whether the contraband was in plain view or was recovered from an enclosed place; (3) whether
the accused was the owner of the premises or had the right to possess the place where the con-traband was found; (4) whether the accused was found with a large amount of cash; (5) whether the
contraband was conveniently accessible to the accused; (6) whether the accused possessed other
contraband when arrested; (7) whether the accused had a special connection to the contraband; and
(8) the quantity of the contraband. See Lassaint v. State, 79 S.W.3d 736, 740-41 (Tex.App. - Corpus
Christi 2002, no pet’n); Villegas v. State, 871 S.W.2d 894, 896 (Tex.App. - Houston [1st Dist.] 1994,
pet’n ref’d). The number of factors present is of less importance than the “logical force” or the
degree to which the factors, alone or in combination, tend to affirmatively link the accused to the
contraband. Hurtado v. State, 881 S.W.2d 738, 743 (Tex.App. - Houston [1st Dist.] 1994, pet’n
ref’d).
            Officer Belver testified that Redrick said that she had 70 morphine pills; that Redrick poured
out the pills from an amber prescription bottle that had its label scratched off; that Redrick put the
extra 20 morphine pills back into the prescription bottle; that she heard another female in the
background when Redrick told her that Redrick had some Soma pills for sale; and that the original
place for the drug buy was to have been 2029 North 20th Street.
            Another officer testified that appellant’s purse was found near her; that the purse contained
the prescription bottle with the label scratched off; that the bottle contained 20 morphine pills; that
the purse contained other prescriptions and bottles in appellant’s name; and that the purse contained
marked bills that had been used in Officer Belver’s drug buy from Redrick. The evidence also
indicated that appellant was in the Chapel Hill residence during or near the time when Officer Belver
purchased the morphine.
            Appellant admitted that the purse was hers; that she did take Soma for her injured hand; that
she lived at 2029 North 20th Street; and that 242 Chapel Hill Road had been her mother’s house.
            The evidence was legally and factually sufficient to affirmatively link appellant to the mor-phine. Appellant’s issues are overruled.
This Court’s Ruling
            The judgment of the trial court is affirmed.
 
                                                                                    TERRY McCALL
                                                                                    JUSTICE
September 9, 2004
Do not publish. See TEX.R.APP.P. 47.2(b).
Panel consists of: Arnot, C.J., and 
Wright, J., and McCall, J.