Affirmed and Memorandum Opinion filed May 18, 2004









Affirmed and Memorandum Opinion filed May 18, 2004.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00156-CR

NO. 14-03-00157-CR

____________

 

ANDREW
BURNS,
Appellant

 

V.

 

THE STATE
OF TEXAS, Appellee

 

____________________________________________________________

 

On Appeal from the 351st District Court

Harris County, Texas

Trial Court Cause Nos. 914,428 & 914,430

 

____________________________________________________________

 

M E M O R A N D U M   O P I
N I O N

Andrew Burns, appellant, was
convicted by a jury of possession of less than one gram of a controlled
substance and aggravated kidnaping with intent to commit sexual abuse.  The jury sentenced appellant to twenty years=
confinement for the possession offense and thirty-five years=
confinement for the aggravated kidnaping offense.  By three points of error, appellant
challenges both convictions, alleging legal insufficiency, improper jury
argument, and cruel and unusual punishment. 
We affirm.

 








Factual
and Procedural Background

On the afternoon of June 7, 2002,
W.D., a ten year old girl, walked from her grandfather=s house
to Lockhart Park, located next to Lockhart Elementary School, to meet a
friend.  When she arrived at the park,
W.D. could not find her friend, and because no other children were at the park,
she began the five to ten minute walk back to her grandfather=s
house.  As she was walking by Lockhart
Elementary, a taxi cab approached her, and appellant, the rear passenger, told
W.D. to get into the car.  W.D. believed
appellant was a friend of her grandfather and thought he would give her a ride
back to her grandfather=s
house.  

After W.D. entered the cab, appellant
asked her name and age and then gave her a twenty dollar bill.  The taxi cab dropped the two off at Legend
Inn where appellant, followed by W.D., went into the lobby and rented a room
for two hours.  Appellant asked W.D. for
the twenty dollar bill to pay for the room. 
Thereafter, appellant walked down the breezeway of the motel toward the
room, unlocked the door, and entered the room. 
W.D. continued to follow appellant. 


Once appellant and W.D. were in
the room, appellant locked the door and exposed himself by unzipping his pants.
 W.D. asked appellant why he brought her
there, and appellant responded that he was not going to do anything wrong to
her and then asked her to disrobe.  W.D.
unlocked the door and ran from the room. 
She ran to Derrick Delane, a patron of the Legend Inn, who was getting
ice at the machine located near the lobby. 
W.D. asked Delane for help and told him appellant was trying to have sex
with her.  Delane took W.D. to the lobby
and instructed the motel=s staff
to call the police and lock the door. 








Shortly thereafter, appellant
exited the room with his pants still unzipped as he was attempting to
leave.  Delane approached appellant with
the intent to detain him until the police arrived; however, Delane acted
cautiously because one of appellant=s hands
was in his pocket, and Delane thought appellant might have a weapon.  Delane hit appellant, knocking him to the
ground, and a fight ensued, but appellant=s hand
remained in his pocket.  When appellant
stood up, Delane hit appellant again and Aslammed@ him
against the stairs.  Appellant removed
his hand and Delane saw he was holding a glass object, which Delane recognized
as a Astem.@  A stem is glass tube used to smoke cocaine.  The tube was broken on the end, indicating it
had been used.  Delane noticed the tube
in appellant=s hand was broken and had a
jagged edge.  Fearing appellant may try
to stab him, he grabbed appellant by the wrist and hit appellant=s hand
against an iron rail of the staircase, causing appellant to drop the glass
tube.  The two continued struggling, but
Delane=s
significant size advantage enabled him to detain appellant.  

When the police arrived, they
separated appellant and Delane.  One of
the officers who responded, Paula Camp, found the glass pipe lying under
appellant where he had been pinned. 
Officer Camp also found an unused brillo pad in appellant=s back
pocket.  Because Officer Camp knew brillo
pads were common paraphernalia used with glass pipes, she sent both the glass
pipe and the brillo pad to the crime lab for testing.  The residue in the glass pipe tested positive
for cocaine, but because the brillo pad was unused, it was not tested. 

Appellant was charged with
indecency with a child, aggravated kidnaping with intent to commit sexual
abuse, and possession of less than one gram of cocaine.  The jury found appellant guilty of aggravated
kidnaping and possession, but acquitted appellant on the indecency charge.  Appellant raises four points of error, two
points of error on the possession charge and two points of error on the
aggravated kidnaping charge; however, because two points of error, one from
each charge, raise the same issue, appellant=s
complaints can be condensed into the following three points of error: (1) there
is legally insufficient evidence to prove appellant knowingly possessed
cocaine; (2) the prosecutor made improper jury arguments during the punishment
stage of trial; and (3) the sentence for aggravated kidnaping constitutes cruel
and unusual punishment.  

 








I.          Legal Sufficiency

By his first point of error,
appellant contends the evidence is legally insufficient to prove beyond a
reasonable doubt that he was guilty of knowingly possessing cocaine.  When reviewing legal sufficiency, we view the
evidence in the light most favorable to the verdict and determine whether a
rational trier of fact could have found the elements of the offense beyond a
reasonable doubt.  Jackson v. Virginia,
443 U.S. 307, 318B19
(1979).  The standard of review on appeal
is the same for both direct and circumstantial evidence.  McGoldrick v. State, 682 S.W.2d 573,
577 (Tex. Crim. App. 1985).  In
conducting this review, we cannot re-evaluate the weight and credibility of the
evidence, but consider only whether the jury reached a rational decision.  Linton v. State, 15 S.W.3d 615, 618
(Tex. App.CHouston [14th Dist.] 2000, pet.
ref=d).  

In order to prove unlawful
possession of a controlled substance, the State is required to prove: (1) the
defendant exercised care, control and management over the contraband, and (2)
the defendant knew the matter possessed was contraband.  Deshong v. State, 625 S.W.2d 327, 329
(Tex. Crim. App. 1981); Hyett v. State, 58 S.W.3d 826, 830 (Tex. App.CHouston
[14th Dist.] 2001, pet. ref=d).  The State is not required to prove exclusive
possession; however, when the defendant is not in exclusive possession of the
place where the narcotics are found, the State must present additional
independent facts and circumstances that affirmatively link the defendant to
the contraband.  Washington v. State,
902 S.W.2d 649, 652 (Tex. App.CHouston
[14th Dist.] 1995, pet. ref=d).  The affirmative link must raise a reasonable
inference the defendant knew of the contraband=s
existence and exercised control over it. 
Hyett, 58 S.W.3d at 830. 
Regardless of whether the evidence is direct or circumstantial, Ait must
establish, to the requisite level of confidence, that the accused=s
connection with the drug was more than just fortuitous.@  Brown v. State, 911 S.W.2d 744, 747
(Tex. Crim. App. 1995).  








Circumstantial evidence relevant
to establish an affirmative link between appellant and the contraband include:
(1) appellant=s presence when the contraband
was discovered; (2) whether the contraband was in plain view; (3) appellant=s
proximity to and accessibility of the narcotic; (4) whether the appellant was
under the influence of narcotics when arrested; (5) whether appellant possessed
other contraband when arrested; (6) whether appellant made incriminating
statements when arrested; (7) whether appellant attempted to flee; (8) whether
appellant made furtive gestures; (9) whether there was an odor of contraband;
(10) whether other contraband or drug paraphernalia was present; (11) whether
the place where the drugs were found was enclosed; and (12) whether appellant
owned or had the right to possess the place where the drugs were found.  Hyett, 58 S.W.3d at 830.  There is no set formula necessary to find an
affirmative link; rather, affirmative links are established by looking to the
totality of the circumstances and the logical force the circumstantial evidence
provides.  Villareal v. State, 116
S.W.3d 74, 80 (Tex. App.CHouston
[14th Dist.] 2001, no pet.); Villegas v. State, 871 S.W.2d 894, 896
(Tex. App.CHouston [1st Dist.] 1994, pet ref=d).  

Viewing the evidence in a light
most favorable to the verdict, the following evidence links appellant to the
cocaine.  Delane testified appellant=s hand
was in his pocket when he first approached him and when appellant removed his
hand, he was holding a glass pipe that was broken on one end.  Delane grabbed appellant=s wrist,
hit it against the iron rail, causing appellant to drop the glass pipe.  Moments later, Officer Camp arrived and after
separating Delane and appellant, she found a glass pipe that was broken on one
end lying underneath appellant.  Officer
Camp also found a brillo pad in appellant=s back
pocket, which she testified is commonly used in connection with cocaine.  Additionally, Delane thought appellant was
under the influence of drugs because appellant was Adroopy
eyed@ and in a
trance.  

We hold the evidence
affirmatively links appellant to the glass pipe and the cocaine found therein
and the evidence raises a reasonable inference appellant knew about and had
control of the cocaine.  A rational jury
could have found beyond a reasonable doubt appellant knowingly possessed the
cocaine and exercised actual care, custody and control over it.  See Hyett, 58 S.W.3d at 830B32.  Appellant=s first
point of error is overruled.  








II.        Improper Jury Argument

 In his
second point of error, appellant contends the trial court erred in overruling
his objection to allegedly improper jury argument.  During closing arguments in the punishment
phase of trial, the State argued appellant was a drug addict that loitered
around elementary schools and play grounds and picked up children.  Appellant immediately objected, claiming the
evidence did not show he was hanging around elementary schools. The trial court
overruled his objection.  On appeal,
appellant argues the statement was improper because it suggested he was a
serial offender; however, because appellant failed to object at trial to the
alleged inference that he was a serial offender, the error, if any, is
waived.  Tex. R. App. P. 33.1; Rezac v. State, 782 S.W.2d 869,
870 (Tex. Crim. App. 1990) (AAn
objection stating one legal basis may not be used to support a different legal
theory on appeal.@).  Appellant=s
objection at trial must comport with his complaint on appeal.  Accordingly, appellant=s second
issue is overruled.

III.       Cruel and Unusual Punishment

In his final point of error, appellant argues his
thirtyBfive year
sentence for aggravated kidnaping with intent to commit sexual abuse
constitutes cruel and unusual punishment because it is disproportionate to the
acts that gave rise to the conviction. 
To preserve error for appellate review, the appellant must make a
timely, specific objection at the earliest opportunity, and obtain an adverse
ruling.  Tex. R. App. P. 33.1; Rhoades v. State, 934 S.W.2d
113, 120 (Tex. Crim. App. 1996).  Even
constitutional errors may be waived by failure to object at trial.  Briggs v. State, 789 S.W.2d 918, 924
(Tex. Crim. App. 1990); Solis v. State, 945 S.W.2d 300, 301 (Tex. App.CHouston
[1st Dist.] 1997, pet. ref=d).  Appellant failed to object at the sentencing
hearing on the basis of cruel or unusual punishment, and appellant did not
raise any such complaints in a post-trial motion.  Accordingly, appellant has waived this
argument on appeal.  See Rhoades,
934 S.W.2d at 120; Nicholas v. State, 56 S.W.3d 760, 768 (Tex. App.CHouston
[14th Dist.] 2001, pet. ref=d).  Appellant=s third
point of error is overruled.   








Having overruled appellant=s three
points of error, we affirm the judgment of the trial court.

 

 

/s/        John S. Anderson

Justice

 

Judgment rendered and Memorandum Opinion filed May 18, 2004.

Panel consists of Justices Yates, Anderson, and Hudson.

Do Not Publish C Tex. R. App. P. 47.2(b).