NO. 12-04-00066-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS

WILBERT WALKER,                                        §     APPEAL FROM THE 349TH
APPELLANT

V.                                                                         §     JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,                                  §     HOUSTON COUNTY, TEXAS 
APPELLEE




MEMORANDUM OPINION
            Wilbert Walker appeals his conviction for possession of a controlled substance. In one issue,
Appellant asserts that the evidence is not factually sufficient to support his conviction. We affirm.

Background
            Appellant was charged by indictment with possession of a controlled substance, cocaine, in
an amount of less than one gram.


 The indictment contained two felony enhancement paragraphs.
Appellant pleaded “not guilty.” At trial, Dustin Ramos, an officer with the Crockett Police
Department, testified that on April 18, 2003, he was working narcotics inside Lewis Circle, a
housing authority addition in Crockett, Houston County, Texas. At approximately 7:45 p.m., Ramos
observed an old brown pickup truck in Lewis Circle travel towards M.L.K. Street and spin its tires.
Ramos made a traffic stop for exhibition of acceleration or spinning tires. After Ramos identified
himself, he asked the individual driving the truck, Appellant, to get out of the vehicle. Appellant was
alone in the vehicle, which was registered in his name. 
            As he spoke to Appellant, Ramos observed that Appellant’s hands were shaking, that he
would not stand in one spot, that he would not make eye contact, that he did not want to talk about
the traffic violation, and that, in Ramos’s opinion, he wanted to try to “take whatever he got and get
back in his car.” Moreover, Ramos testified that Appellant spoke in a “kind of a stuttered speech,”
did not complete his sentences, would not speak further unless Ramos asked him a question, and
would stop speaking without further explanation. Ramos attempted to calm Appellant, telling him
that he, Ramos, was probably going to write him a warning. However, Appellant did not calm down.
Ramos asked him why he was nervous, and Appellant responded by “sticking” his hands in his
pockets and avoiding eye contact. Ramos further testified that Appellant continued to evade
answering his questions.
            In response to Ramos’s questions, Appellant denied carrying any weapons, knives, clubs,
contraband, or illegal stolen goods. After Ramos issued a warning citation on the traffic violation,
Appellant continued to be nervous. Upon further conversation with Appellant, Ramos asked for
permission to search the vehicle. Appellant consented, both orally and in writing. Ramos “patted”
Appellant down for any weapons before walking to the vehicle. Ramos searched the vehicle and
observed a “bunch” of empty cigarette packages on the dashboard directly in front of the steering
wheel within hand’s reach of and in close proximity to the driver of the truck.
            In one of the empty cigarette packages, Ramos found two square-shaped rocks that he
believed to be crack cocaine. After finding the rocks, Ramos detained Appellant and field tested the
alleged contraband. The field test indicated the presence of cocaine. As a result, Ramos arrested
Appellant. An inventory of Appellant’s vehicle disclosed no other contraband or weapons. While
Appellant was being booked in jail, an inventory of his person revealed that he had $453 in cash in
his wallet and $39 in cash in a rear pocket.
            On cross-examination, Ramos testified that Appellant was not tested for drugs nor did he
conclude that Appellant was “on” drugs. He did not test anything for fingerprints. Ramos did not
know if someone else had been driving Appellant’s truck and admitted that the contraband did not
have to be Appellant’s. Dennis Keith Pridgen, the drug section supervisor for the Tyler laboratory
of the Texas Department of Public Safety, testified that the “lumps” in evidence contained cocaine
or cocaine base, i.e., crack cocaine. According to Pridgen, the total weight of the substance tested
was .073 grams, including adulterants and diluents, if present. 
            At the conclusion of the trial, the jury found Appellant guilty of possession of a controlled
substance, cocaine, in an amount of less than one gram as charged in the indictment. Appellant
elected to have punishment assessed by the trial court, pleaded “true” to three felony enhancement
allegations,


 and was sentenced by the judge to twenty years of imprisonment.


 This appeal
followed.

Evidentiary Sufficiency
            In his sole issue on appeal, Appellant argues that the evidence is factually insufficient to
support his conviction. More specifically, Appellant contends that the evidence is factually
insufficient to support an affirmative link between himself and the controlled substance found in his
vehicle. The State disagrees.
Standard of Review
            When reviewing the factual sufficiency of the evidence, we review all of the evidence, but
not in the light most favorable to the prosecution. Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim.
App. 1997). We must determine whether a neutral review of the evidence, both for and against the
finding, demonstrates that a rational jury could find guilt beyond a reasonable doubt. Zuniga v.
State, 144 S.W.3d 477, 484 (Tex. Crim. App. 2004). Evidence is factually insufficient when the
evidence supporting the verdict, considered by itself, is too weak to support the finding of guilt
beyond a reasonable doubt. Id. Evidence is also factually insufficient when contrary evidence is so
strong that the beyond-a-reasonable-doubt burden of proof could not have been met. Id. at 484-85. 
            The jury is the sole judge of the credibility of witnesses and of the weight to be given their
testimony. Barnes v. State, 876 S.W.2d 316, 321 (Tex. Crim. App. 1994). Our evaluation should
not substantially intrude upon the jury’s performance of this role. Wesbrook v. State, 29, S.W.3d
103, 112 (Tex. Crim. App. 2000). Any reconciliation of conflicts and contradictions in the evidence
is entirely within the jury’s domain. Losada v. State, 721 S.W.2d 305, 309 (Tex. Crim. App. 1986). 
Elements of the Offense
            In this case, Appellant was convicted for possession of a controlled substance, cocaine, in
the amount of less than one gram. The elements of the offense are that (1) a person (2) knowingly
or intentionally (3) possesses (4) a controlled substance listed in Penalty Group 1, which includes
cocaine. Tex. Health & Safety Code Ann. § 481.102 (3)(D) (Vernon Supp. 2004-2005); Tex.
Health & Safety Code Ann. § 481.115(a) (Vernon 2003). To support a conviction for possession
of a controlled substance, the State must prove (1) that the accused exercised care, control, or
custody over the substance and (2) that the accused was conscious of his connection with the
substance and knew what it was. Brown v. State, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995);
Roberts v. State, 963 S.W.2d 894, 898 (Tex. App.–Texarkana 1998, no pet.); Ortiz v. State, 930
S.W.2d 849, 853 (Tex. App.–Tyler 1996, no pet.). The evidence may be direct or circumstantial. 
Brown, 911 S.W.2d at 747; Roberts, 963 S.W.2d at 898. Regardless, the evidence must establish
that “the accused’s connection with the drug was more than just fortuitous.” Brown, 911 S.W.2d
at 747; Roberts, 963 S.W.2d at 898. 
            The State may prove that a person “knowingly” possessed a controlled substance by
introducing evidence that positively links the accused to the contraband. Brown, 911 S.W.2d at 747. 
The nexus need not eliminate every other “outstanding reasonable hypothesis” except the accused’s
guilt. Id. at 748. If the accused is not in sole control of the location where the drugs are discovered,
additional links must be revealed between the accused and the controlled substances. Villegas v.
State, 871 S.W.2d 894, 896 (Tex. App.–Houston [1st Dist.] 1994, pet. ref’d) (citing Cude v. State,
716 S.W.2d 46, 47 (Tex. Crim. App. 1986)). An “affirmative link” is not a legal rule, but simply
a shorthand method of proving that the accused possessed the contraband knowingly or intentionally. 
Roberson v. State, 80 S.W.3d 730, 735 (Tex. App.–Houston [1st Dist.] 2002, pet. ref’d). The
quantity of factors is less decisive than the reasonable impact of the factors in substantiating the
elements of the offense. Gilbert v. State, 874 S.W.2d 290, 298 (Tex. App.–Houston [1st Dist.] 1994,
pet. ref’d); see also Wallace v. State, 932 S.W.2d 519, 524 (Tex. App.–Tyler 1995, pet. ref’d).
            Factors that may be considered in developing an affirmative link between the accused and
the contraband are as follows: (1) whether the accused was present when the search warrant was
executed; (2) whether there was contraband in plain view; (3) whether the accused was in proximity
to the contraband; (4) whether the accused had accessibility to the contraband; (5) whether the
accused was under the influence of narcotics or contraband when arrested; (6) whether the accused
possessed other contraband or narcotics when arrested; (7) whether there was an odor of contraband;
(8) whether there was contraband or drug paraphernalia present; (9) whether the accused owned or
had the right to possess the place where contraband was found; (10) whether the location of the
contraband was enclosed; (11) whether the accused was driving the vehicle where contraband was
discovered; (12) whether the amount of contraband was large enough to indicate the accused knew
of its existence; (13) whether the conduct of the accused indicated a consciousness of guilt; (14)
whether the accused had a special connection to the contraband; (15) whether the accused possessed
weapons or large amounts of cash; and (16) whether there was a relationship between the location
of the contraband and the accused’s personal belongings. Gant v. State, 116 S.W.3d 124, 131 (Tex.
App.–Tyler 2003, pet. ref’d); Roberson, 80 S.W.3d at 735 n.2; Roberts, 963 S.W.2d at 898; Kyte
v. State, 944 S.W.2d 29, 31 (Tex. App.–Texarkana 1997, no pet); Villegas, 871 S.W.2d at 896-97.
Analysis
            The evidence shows that Appellant was driving the truck in which the concealed contraband
was discovered and that he was the sole occupant of the vehicle. That Appellant was alone in the
vehicle he was driving is evidence that he exercised dominion or control over the vehicle in which
the contraband was concealed and he may, therefore, be deemed to have possessed the contraband.
See Ortiz, 930 S.W.2d at 853; Menchaca v. State, 901 S.W.2d 640, 652 (Tex. App.–El Paso 1995,
pet. ref’d). However, other affirmative links exist between Appellant and the alleged contraband. 
The evidence in support of the conviction includes the fact that the vehicle stopped by Ramos was
a truck registered to Appellant and that he was present when it was searched. The alleged
contraband was discovered in a cigarette case, in an enclosed area, Appellant’s truck, and was found
within hand’s reach of or in close proximity to the driver of the truck, Appellant. From this
testimony, a jury could have concluded that Appellant knew contraband was present in the vehicle.
During the traffic stop, Ramos testified that Appellant’s hands were shaking, that he would not stand
in one spot, that he would not make eye contact, that he did not want to talk about the traffic
violation, that he spoke in a “stuttered speech,” that he did not complete his sentences, that he would
not speak further unless Ramos asked him a question, that he evaded answering Ramos’s questions,
that he would stop speaking without further explanation, and that he continued to be nervous even
when Ramos completed writing a warning citation. From his conduct, Appellant indicated a
consciousness of guilt that he knew contraband was present. 
            The testimony that Appellant was not tested for drugs, that no fingerprints were taken, that
Ramos did not know if someone else had been driving Appellant’s truck, and that Appellant
consented to the search of his vehicle was favorable to Appellant. Further, Appellant had
approximately $492 in cash, we cannot conclude that this amount was necessarily a large amount
of cash that would definitely link Appellant and the contraband found in his vehicle. 
            The “affirmative links” between Appellant and the contraband suffice as proof that he
knowingly possessed the contraband. See Brown, 911 S.W.2d at 747; Roberson, 80 S.W.3d at 735.
Moreover, the jury determined the credibility of the witnesses and resolved the evidentiary
inconsistencies in the State’s favor, which is its prerogative as fact finder. Consequently, in making
our determination of the evidence, both for and against the verdict, we cannot say that the evidence
supporting the verdict, considered by itself, is too weak to support the finding of guilt beyond a
reasonable doubt. Nor can we conclude that the contrary evidence is so strong that the beyond-a-reasonable-doubt burden of proof could not have been met. Therefore, we conclude that the
evidence was factually sufficient for the jury to find Appellant guilty as charged in the indictment.
Accordingly, Appellant’s sole issue is overruled.

Disposition
            The judgment of the trial court is affirmed.
                                                                                                     JAMES T. WORTHEN 
                                                                                                                 Chief Justice

Opinion delivered July 29, 2005.
Panel consisted of Worthen, C.J., Griffith, J. and DeVasto, J.




(DO NOT PUBLISH)